UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PENNY FORSCH, <br><br> Plaintiff, <br><br> vs. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 5:24-CV-01365 <br><br> JUDGE PAMELA A. BARKER <br><br> MAGISTRATE JUDGE DARRELL A. CLAY <br><br> REPORT AND RECOMMENDATION |

### INTRODUCTION

Plaintiff Penny Forsch challenges the Commissioner of Social Security's decision denying disability insurance benefits (DIB). (ECF #1). The District Court has jurisdiction under 42 U.S.C. §§ 1383(c) and 405(g). This matter was referred to me under Local Civil Rule 72.2 to prepare a Report and Recommendation. (Non-document entry dated Aug. 9, 2024). Following review, and for the reasons below, I recommend the District Court **REVERSE** the Commissioner's decision and **REMAND** for further proceedings.

### PROCEDURAL BACKGROUND

Ms. Forsch protectively applied for DIB on October 22, 2021, alleging she became disabled on February 16, 2022 due to a hiatal hernia, depression, acid reflux, and irritable bowel syndrome. (Tr. 67, 169-70). The claim was denied initially on February 16, 2022 (Tr. 89) and on reconsideration on October 31, 2022 (Tr. 94).

1

On December 21, 2022, Ms. Forsch requested a hearing before an administrative law judge. (Tr. 98). On May 30, 2023, Ms. Forsch (represented by counsel) and a vocational expert (VE) testified before the ALJ. (Tr. 33-64). On June 13, 2023, the ALJ determined Ms. Forsch was not disabled. (Tr. 15-27). On June 13, 2024, the Appeals Council denied Ms. Forsch's request for review, making the hearing decision the final decision of the Commissioner. (Tr. 1-4; *see* 20 C.F.R. § 404.984(b)(2)). Ms. Forsch timely filed this action on August 9, 2024. (ECF #1).

## FACTUAL BACKGROUND

Because Ms. Forsch's claim relates only to the ALJ's evaluation and discussion of her mental impairments, I discuss only the evidence related to those impairments.

### I. Personal and Vocational Evidence

Ms. Forsch was born in April 1963. (Tr. 169). She was 56 years old on her alleged onset date and 60 years old at the hearing. Ms. Forsch graduated high school and completed one year of college. (Tr. 43). She had past work experience as a retail store manager and department manager. (Tr. 60).

### II. Relevant Medical Evidence

Ms. Forsch has been diagnosed with major depressive disorder and anxiety disorder. (Tr. 311). She has been diagnosed with depression and has been prescribed Paxil[1] since 2010. (Tr. 389; *see also* Tr. 321, 319, 316, 314, 312, 308, 305).

---

[1] Paxil is the brand name for paroxetine, a selective serotonin-reuptake inhibitor prescribed to treat depression, among other psychological disorders. *See Paroxetine*, *MedlinePlus*, http://medlineplus.gov/druginfo/meds/a698032.html (last accessed June 2, 2025).

2

### III. Relevant Opinion Evidence

On February 1, 2022, Ms. Forsch attended a consultative psychological evaluation with Carolyn Arnold, Psy.D., in connection with her disability application. (Tr. 388-92). Ms. Forsch described her mood as down, low, and restless and her affect matched her mood. (Tr. 390). Dr. Arnold diagnosed Ms. Forsch with depression and anxiety and Ms. Forsch's prognosis was "fair and could be improved by supportive counseling." (Tr. 391). Dr. Arnold also opined Ms. Forsch (1) could understand, remember, and carry out instructions; (2) could follow a conversation; (3) could think abstractly; (4) could apply reason when asked to interpret proverbs; (5) had intact short-term memory, somewhat intact long-term memory, and intact mental flexibility; (6) exhibited relatively strong fund of knowledge; (7) could sustain concentration and persist with simple and multi-step tasks for a moderate period; (8) was not especially distractable or fatigued; and (9) had limited social interactions though with less difficulty with social interactions than in the past. (Tr. 391-92).

State agency psychological consultant Audrey Todd, Ph.D., evaluated Ms. Forsch as part of her disability application. (Tr. 68-70). Dr. Todd opined Ms. Forsch's mental impairments were non-severe and she had a mild limitation in interacting with others and adapting or managing oneself. (Tr. 68-69). Dr. Todd assessed no mental RFC limitations. (Tr. 71). On reconsideration, state agency psychological consultant Courtney Zeune, Psy.D., affirmed those findings. (Tr. 77-80). Both Dr. Todd and Dr. Zeune accounted for Dr. Arnold's examination report and opinion when rendering their findings and considered it persuasive. (Tr. 70, 79-80).

### IV. Relevant Testimonial Evidence

Ms. Forsch has depression and anxiety symptoms. (*See* Tr. 52-53). She described her symptoms as "mostly under control." (Tr. 53). She has low energy throughout the day (Tr. 54-55),

3

but earlier in life, she had "always been a high energy person" and was "always on the go." (Tr. 57). When she is stressed, she will have a shortness of breath and have, as she described, "kind of like a panic attack." (Tr. 53). After these attacks, she became tired and drowsy. (Tr. 53). Her previous work was high stress, so she had to manage this panic daily. (Tr. 53).

Ms. Forsch sees her primary-care physician for her mental health. (Tr. 52). Her doctor has not recommended she seek out a specialist, though Ms. Forsch has been to counseling in the past. (Tr. 52). She reports her Paxil prescription helps her depression and anxiety symptoms. (Tr. 52). She has never been hospitalized for mental health. (Tr. 52).

## STANDARD FOR DISABILITY

Eligibility for benefits is predicated on the existence of a disability. 42 U.S.C. § 423(a). "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); *see also* 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner follows a five-step evaluation process—found at 20 C.F.R. § 404.1520— to determine if a claimant is disabled:

1. Was claimant engaged in a substantial gainful activity?
2. Did claimant have a medically determinable impairment, or a combination of impairments, that is "severe," which is defined as one which substantially limits an individual's ability to perform basic work activities?
3. Does the severe impairment meet one of the listed impairments?
4. What is claimant's residual functional capacity and can claimant perform past relevant work?
5. Can claimant do any other work considering her residual functional capacity, age, education, and work experience?

4

Under this five-step sequential analysis, the claimant has the burden of proof in Steps One through Four. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). The burden shifts to the Commissioner at Step Five to establish whether the claimant has the residual functional capacity (RFC) to perform available work in the national economy. *Id.* The ALJ considers the claimant's RFC, age, education, and past work experience to determine if the claimant could perform other work. *Id.* Only if a claimant satisfies each element of the analysis, including inability to do other work, and meets the duration requirements, is she determined to be disabled. 20 C.F.R. §§ 404.1520(b)-(f); *see also Walters*, 127 F.3d at 529.

### THE ALJ'S DECISION

At Step One, the ALJ determined that although Ms. Forsch had worked since February 16, 2021 (the date she alleged her disability began), her work activity did not rise to the level of "substantial gainful activity" as defined in the regulations. (Tr. 20). At Step Two, the ALJ identified Ms. Forsch's inflammatory bowel syndrome, gastritis, hiatal hernia, acid reflux, and diverticulosis as severe impairments. (Tr. 21). Importantly, the ALJ found Ms. Forsch's depression and anxiety were non-severe impairments. (Tr. 22). At Step Three, the ALJ found Ms. Forsch's impairments did not meet the requirements of, or were medically equivalent to, a listed impairment. (Tr. 23).

At Step Four, the ALJ determined Ms. Forsch's RFC as follows:

> After careful consideration of the entire record, I find that [Ms. Forsch] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except [she can] [n]ever climb ladders, ropes and scaffolds, occasionally climb ramps and stairs, frequently stoop, kneel, crouch and crawl; [have n]o more than occasional exposure to extreme cold, extreme heat, humidity, and pulmonary irritants such as fumes, odors, dusts, gases and poor ventilation; and [must] avoid all exposure to hazards such as unprotected heights.

5

(Tr. 22-23). The ALJ then found Ms. Forsch could perform her past relevant work as a retail store manager and a department manager. (Tr. 26). The ALJ thus did not proceed to Step Five but at Step Four found Ms. Forsch was not disabled. (Tr. 26).

## STANDARD OF REVIEW

In reviewing the denial of Social Security benefits, the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). The Commissioner's findings "as to any fact if supported by substantial evidence shall be conclusive." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (citing 42 U.S.C. § 405(g)). "Substantial evidence" is "more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Besaw v. Sec'y of Health & Hum. Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992). But "a substantiality of evidence evaluation does not permit a selective reading of the record. Substantiality of evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Brooks v. Comm'r of Soc. Sec.*, 531 F.App'x 636, 641 (6th Cir. 2013) (cleaned up).

In determining whether substantial evidence supports the Commissioner's findings, the court does not review the evidence de novo, make credibility determinations, or weigh the evidence. *Brainard v. Sec'y of Health & Hum. Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). Even if substantial evidence (or indeed a preponderance of the evidence) supports a claimant's position,

6

the court cannot overturn "so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003). This is because there is a "zone of choice" within which the Commissioner can act, without fear of court interference. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

Apart from considering whether substantial evidence supports the Commissioner's decision, the court must determine whether proper legal standards were applied. The failure to apply correct legal standards is grounds for reversal. Even if substantial evidence supports the ALJ's decision, the court must overturn when an agency does not observe its own regulations and thereby prejudices or deprives the claimant of substantial rights. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004).

Finally, a district court cannot uphold an ALJ's decision, even if there "is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result." *Fleischer v. Astrue*, 774 F.Supp.2d 875, 877 (N.D. Ohio 2011) (internal quotations omitted); *accord Shrader v. Astrue*, No. 11-13000, 2012 WL 5383120, at *6 (E.D. Mich. Nov. 1, 2012) ("If relevant evidence is not mentioned, the Court cannot determine if it was discounted or merely overlooked.").

## Discussion

Ms. Forsch argues remand is required because the ALJ did not discuss her mental limitations in the RFC despite finding them credible and the ALJ did not explain the omission. (ECF #10 at PageID 552). The Commissioner argues the ALJ was not required to include the mental limitations because they were mild and the ALJ acknowledged those limitations in the analysis and adequately explained the RFC. (ECF #12 at PageID 574-77).

7

Ms. Forsch cites a litany of 53 cases in this district and others where courts have ordered remand where the ALJ did not consider mild mental limitations. (ECF #10 at PageID 558-560). However, courts in this district, and recently this District Court, have also affirmed ALJ decisions that do not expressly discuss those limitations. *See, e.g.*, *Cameron v. Comm'r of Soc. Sec.*, No. 1:23-cv-1371-PAB, 2024 WL 406940, at *4-7 (N.D. Ohio Jan. 18, 2024), *report and recommendation adopted*, 2024 WL 404488 (N.D. Ohio Feb. 2, 2024).

After *Cameron* was decided, the Sixth Circuit issued *Napier v. Comm'r of Soc. Sec.*, 127 F.4th 1000, 1007 (6th Cir. 2025), where it weighed in on how an ALJ may adequately account for non-severe mental impairments despite not including them in the RFC. In *Napier*, the ALJ did not include any mental limitations in the RFC from the claimant's mild, non-severe mental impairments from her anxiety and depression. *Id.* at 1003-04. Despite that, the Sixth Circuit found the ALJ adequately accounted for the mental impairments through three statements:

> In explaining the required five-step process for addressing Napier's application, the ALJ noted that in determining Napier's residual functional capacity, he was required to "consider all of the claimant's impairments, including impairments that are not severe." After concluding that Napier's mental impairments were no more than mild, the ALJ explicitly stated that his "residual functional capacity assessment used at steps 4 and 5" later in his decision reflected the "degree of limitation" that the ALJ had found in the "mental function analysis." And the ALJ later noted that in concluding that Napier had the "residual functional capacity to perform light work," he had "considered all symptoms."

*Id.* at 1007 (citations omitted). The Court reasoned that "depending on the context, similar statements can be sufficient to demonstrate that the ALJ adequately considered all of a claimant's medical impairments in formulating a residual functional capacity analysis" even though "there may be occasions where, in context, similar statements would be insufficient." *See id.* (citing *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 851 (6th Cir. 2020)).

8

Reviewing the ALJ's analysis here, I do not find similar context that demonstrates the ALJ considered Ms. Forsch's mental limitations in the RFC at Step Four despite the ALJ's statement at Step Two that the RFC reflects the findings of mild mental limitations there.

Beginning at Step Two, the ALJ found Ms. Forsch had a mild limitation in two areas—interacting with others and adapting or managing oneself—and no limitations in the other two areas—understanding, remembering, or applying information and concentrating, persisting, or maintaining pace. (Tr. 22-23). The ALJ concluded Ms. Forsch's depression and anxiety "cause no more than 'mild' limitation in any of the functional areas and the evidence does not otherwise indicate that there is more than a minimal limitation in [Ms. Forsch]'s ability to do basic work activities." (Tr. 23). After making this finding, the ALJ then concluded Step Two, writing:

> The limitations identified in the "paragraph B" criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 4 of the sequential evaluation process. The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment. the following residual functional capacity assessment reflects the degree of limitation I have found in the paragraph B mental function analysis.

(Tr. 23). This language closely tracks with the ALJ's language in *Napier* where "the ALJ explicitly stated that his 'residual functional capacity assessment used at steps 4 and 5' later in his decision reflected the 'degree of limitation' that the ALJ had found in the 'mental function analysis.'" 127 F.4th at 1007. Thus, I look to whether the context of the ALJ's analysis at Step Four demonstrates the ALJ considered her mental limitations.

But at Step Four, the context surrounding the ALJ's analysis does not indicate the ALJ considered the mental limitations. The ALJ did begin Step Four by stating he "considered all symptoms" (Tr. 24), but did not expressly mention the impairments that are not severe. This is less comprehensive than the ALJ's statement in *Napier* where ALJ stated "he was required to 'consider

9

all of the claimant's impairments, including impairments that are not severe.'" 127 F.4th at 1007. However, this minor difference in the details continues throughout the rest of Step Four.

Next, the ALJ discussed only Ms. Forsch's physical symptoms at Step Four. (*See* Tr. 24-26). The ALJ made no mention of any mental symptoms. (*Id.*). It is true that omitting mental symptoms is consistent with the ALJ's finding at Step Two that those symptoms do not cause "more than a minimal limitation in [her] ability to do basic work activities." (*See* Tr. 23). But it is inconsistent with the ALJ's statement that he "considered all symptoms." (Tr. 24). Nor does it suggest that the ALJ here considered the mental limitations in the background like the ALJ in *Napier*.

This lack of any mention of mental symptoms carries over to the ALJ's discussion of the prior administrative medical findings. In *Napier*, the ALJ "specifically referenced two psychological evaluations as well as Plaintiff's daily activities and concluded that neither supported a finding that Plaintiff is more limited than reflected in the RFC." *See Napier v. Kijakazi*, No. CV 22-318-DLB, 2024 WL 1258623, at *3 (E.D. Ky. Mar. 25, 2024). Here, the ALJ discussed the prior administrative medical findings and again discussed only the physical findings and did not mention any mental findings. (*See* Tr. 26). True, the state agency reviewers each assessed that Ms. Forsch had no mental RFC limitations. (Tr. 71, 77-80). But the ALJ did not mention that and, critically, the ALJ adopted the state agency findings in entirety. (Tr. 26). Also, the ALJ wrote he "fully considered the medical opinions and prior administrative medical findings *as follows*." (Tr. 24) (emphasis added). By doing so, the ALJ limited the analysis to only what was explicitly stated, which did not mention any mental findings.

Thus, there is no context in the ALJ's analysis at Step Four that substantiates the statement at Step Two that the RFC reflects Ms. Forsch's mild, non-severe mental limitations or that the ALJ performed the "more detailed analysis" of those limitations that Step Four requires. Though the ALJ made similar statements to *Napier*, this case is an "occasion[] where, in context, similar statements would be insufficient." 127 F.4th at 1007. While this may seem a pedantic reading of the ALJ's analysis and require an overly technical restatement of the ALJ's findings at Step Two, the explanation need not be extensive or explicit. *See Napier*, 2024 WL 1258623, at *2. "If relevant evidence is not mentioned, the Court cannot determine if it was discounted or merely overlooked." *Shrader*, 2012 WL 5383120, at *6.

Accordingly, remand is warranted so the ALJ may properly consider the effect of Ms. Forsch's severe and non-severe impairments on her RFC.

## CONCLUSION AND RECOMMENDATION

Following review of the arguments presented, the record, and the applicable law, I recommend the District Court **REVERSE** the Commissioner's decision denying supplemental security income and **REMAND** the matter for further proceedings.

Dated: June 2, 2025

DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE

OBJECTIONS, REVIEW, AND APPEAL

Within 14 days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the Magistrate Judge. *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); Local Civ. R. 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge. Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal, either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the Report and Recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the Report and Recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the Magistrate Judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, at *2 (W.D. Ky. June 15, 2018) (quoting *Howard*, 932 F.2d at 509). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).