IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Penny Forsch,** | Case No. 5:24cv1365 |
| **Plaintiff,** | |
| -vs- | JUDGE PAMELA A. BARKER |
| | Magistrate Judge Darrell A. Clay |
| **Frank Bisignano, Commissioner of Social Security** | MEMORANDUM OPINION AND ORDER |
| **Defendants.** | |

This matter is before the Court on the Objection of Defendant Commissioner of the Social Security Administration ("Defendant" or "Commissioner") to the Report and Recommendation of Magistrate Judge Darrell A. Clay regarding Plaintiff Penny Forsch's ("Plaintiff" or "Forsch") request for judicial review of the Commissioner's denial of her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. (Doc. No. 15.) For the following reasons, the Commissioner's Objection is granted, the Report & Recommendation ("R&R") is rejected, and the Commissioner's decision is affirmed.

I.  **Background**

In October 2021, Forsch filed her application for DIB**,** alleging a disability onset date of February 16, 2020. (Doc. No. 8 (Transcript ["Tr."] ) at 18. ) The application was denied initially and upon reconsideration, and Forsch requested a hearing before an administrative law judge ("ALJ"). (*Id*.) On May 30, 2023, the ALJ conducted a telephone hearing at which Forsch was represented by counsel and testified. (Tr. 33-64.) A vocational expert ("VE") also testified. (*Id*.)

On June 13, 2023, the ALJ found that Forsch was not disabled. (Tr. 18-27.) The ALJ determined that Forsch suffered from the severe impairments of inflammatory bowel syndrome ("IBS"), gastritis, hiatal hernia, acid reflux, and diverticulosis of the large intestine. (Tr. 21.) The ALJ also determined that Forsch's depression and anxiety were non-severe because they caused no more than "mild" limitations in her mental functioning. (Tr. 21-23.)

The ALJ then found that Forsch's impairments did not meet or medically equal the requirements of a listed impairment and that she retained the residual functional capacity ("RFC") to perform light work with the limitations that she could never climb ladders, ropes, and scaffolds; occasionally climb ramps and stairs; frequently stoop, kneel, crouch, and crawl; tolerate no more than occasional exposure to extreme cold, extreme heat, humidity, and pulmonary irritants; and tolerate no exposure to hazards such as unprotected heights. (Tr. 23-26.) The ALJ concluded that Forsch could perform her past relevant work as a retail store manager and, therefore, was not disabled. (Tr. 26.) The Appeals Council declined to review the ALJ's decision, and the ALJ's decision became the Commissioner's final decision. (Tr. 1-4.)

Plaintiff seeks judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c). (Doc. No. 1.) The case was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1) for a Report and Recommendation ("R&R"). In the R&R, the Magistrate Judge concludes that the ALJ's decision is not supported by substantial evidence because it was not clear from the decision that the ALJ had considered Forsch's mental limitations in the RFC at Step Four of the sequential evaluation process. (Doc. No. 14 at PageID# 592.) The Magistrate Judge therefore recommends that the decision be reversed and remanded "so that the ALJ may properly consider the effect of Ms. Forsch's severe and non-severe impairments in the RFC." (*Id*. at PageID# 594.)

On June 11, 2025, the Commissioner filed an Objection to the R&R. (Doc. No. 15.) Forsch did not file a response. The Court has conducted a *de novo* review of the Commissioner's Objection.

## II. Standards of Review

### A. Review of Objections to R&R

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926 at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to *de novo* review by the district court in light of specific objections filed by any party.") (citations omitted); *Orr v. Kelly*, 2015 WL 5316216 at *2 (N.D. Ohio Sept. 11, 2015) (citing *Powell,* 1994 WL 532926 at *1). *See also* Fed. R. Civ. P. 72(b)(3). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

The Sixth Circuit has held that general objections to a Magistrate Judge's report and recommendation are insufficient. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). *See also Brown v. City of Grand Rapids, Michigan*, 2017 WL 4712064 (6th Cir. 2017). "A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock,* 327 F.Supp.2d 743, 747 (E.D. Mich. 2004). Rather, "[t]he objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller,* 50 F.3d at 380 (citing *Howard v. Sec'y of Health & Human Servs*., 932 F.2d 505, 508–09 (6th Cir.1991)). "'[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate

3

Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R&R.'" *Arroyo v. Comm'r of Soc. Sec.*, 2016 WL 424939 at *3 (E.D. Mich. Feb. 4, 2016) (quoting *Depweg v. Comm'r of Soc. Sec.*, 2015 WL 5014361 at *1 (E.D. Mich. Aug. 24, 2015)) (citing *Howard,* 932 F.2d at 509).

Moreover, parties cannot "raise at the district court stage new arguments or issues that were not presented" before the magistrate judge's final report and recommendation. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq*., permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate."). *See also Swain v. Comm'r of Soc. Sec.*, 379 Fed. Appx 512, 517-18 (6th Cir. 2010) ("A claim raised for the first time in objections to a magistrate judge's report is deemed waived."); *Nasser v. Comm'r of Soc. Sec.,* 598 F.Supp.3d 614, 621 (E.D. Mich. 2022), *aff'd,* 2022 WL 17348838 (6th Cir. Dec. 1, 2022).

**B.     Review of Social Security Decisions**

Under the Social Security Act, a disability renders the claimant unable to engage in substantial gainful activity because of a medically determinable physical or mental impairment that can result in death or that can last at least twelve months.  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The impairment must prevent the claimant from doing the claimant's previous work, as well as any other work which exists in significant numbers in the region where the individual lives or in several

regions of the country. 42 U.S.C. § 423(d)(2)(A). Consideration of disability claims follows a five-step review process.[1] 20 C.F.R. § 404.1520.

The Court's review of the Commissioner's decision to deny benefits is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *McGlothin v. Comm'r of Soc. Sec.*, 299 Fed. Appx. 516, 521 (6th Cir. 2008) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal citation omitted)).

If substantial evidence supports the Commissioner's finding that the claimant is not disabled, that finding must be affirmed even if the reviewing court would decide the matter differently. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citation omitted). A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted). Moreover, the Commissioner's

---

[1] Under this five step review, the claimant must first demonstrate that she is not currently engaged in "substantial gainful activity" at the time of the disability application. 20 C.F.R. §§ 404.1520(b) and 416.920(b). Second, the claimant must show that she suffers from a "severe impairment" in order to warrant a finding of disability. 20 C.F.R. §§ 404.1520(c) and 416.920(c). A "severe impairment" is one that "significantly limits . . . physical or mental ability to do basic work activities." *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). Third, if the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment, or combination of impairments, meets or medically equals a required listing under 20 CFR Part 404, Subpart P, Appendix 1, the claimant is presumed to be disabled regardless of age, education or work experience. *See* 20 C.F.R. §§ 404.1520(d) and 416.920(d). Before considering step four, the ALJ must determine the claimant's residual functional capacity; i.e., the claimant's ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. 20 C.F.R. § 404.1520(e) and 416.930(e). At the fourth step, if the claimant's impairment or combination of impairments does not prevent her from doing her past relevant work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(e)-(f) and 416.920(e)-(f). For the fifth and final step, even if the claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that the claimant can perform, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g), 404.1560(c), and 416.920(g). *See Abbot*, 905 F.2d at 923.

decision must be affirmed even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)).

### III. The Commissioner's Objection to the R&R

In his sole Objection, the Commissioner challenges the Magistrate Judge's conclusion that the ALJ did not sufficiently articulate how he accounted for Forsch's non-severe mental impairments in the RFC or provide sufficient context to demonstrate that he considered them at Step Four. (Doc. No. 15.) To properly evaluate the Commissioner's Objection, a close reading of the ALJ decision is required.

At the beginning of the decision, the ALJ explained the five step sequential evaluation process for determining whether an individual is disabled under social security regulations. (Tr. 19-20.) Notably, after explaining the first three steps, the ALJ stated as follows:

> Before considering step four of the sequential evaluation process, I must first determine the claimant's residual functional capacity (20 CFR 404.1520(e)). An individual's residual functional capacity is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. **In making this finding, I must consider all of the claimant's impairments, including impairments that are not severe (20 CFR 404.1520(e) and 404.1545; SSR 96-8p).**

(Tr. 19-20) (emphasis added).

The ALJ then proceeded to apply the five step sequential evaluation process to Forsch. At Step Two, the ALJ determined that Forsch had several severe physical impairments but found that her mental impairments (i.e., depression and anxiety) were non-severe. (Tr. 21-23.) In so finding, the ALJ discussed the medical records regarding Forsch's mental impairments, noting that she was diagnosed with depression and anxiety by her primary care provider in 2010 and prescribed Paxil.

6

(Tr. 21.) The ALJ further noted that "primary care records from June 2020 indicate Paxil was working very well for [Forsch's] depression and anxiety." (*Id*.)

The ALJ also discussed the opinion evidence regarding Forsch's mental impairments at Step Two. (Tr. 21-22.) The ALJ first noted that Forsch underwent a psychological consultative exam with Carolyn Arnold, Psy.D., in February 2022. (Tr. 21.) *See* Tr. 388-392. The ALJ discussed Dr. Arnold's Mental Disability Evaluation report, as follows:

> [Forsch] had a psychological consultative evaluation in February 2022 and indicated she was diagnosed with [depression and anxiety] by her primary care provider in 2010. She stated she stays in contact with her four siblings and her three children. She completed one year of college. Her mental status exam notes she appeared well-groomed with good hygiene and dressed in clothing appropriate for weather. She was cooperative, mood was described a[s] down, low, and restless, affect was congruent with stated mood, thought content was normal, and speech was normal. She was oriented x4, with no difficulty following conversation, abstract thinking was intact, and insight and judgment were within normal limits. She stated she performs self-care activities, is able to do light household chores, and can go shopping and handle finances. She does spend time with other people, specifically her partner, family, and friends, and she sometimes goes to social locations like family homes, although she does sometimes feel isolated and lonely and does tend to self- isolate (8F).
>
> **The consultative examiner [Dr. Arnold] indicated that the claimant can understand, remember and carry out instructions, follow a conversation and can think abstractly and apply reason when asked to interpret proverbs**. The claimant's short-term memory was intact as evidenced by accurate recall of three of three words and six of six digits forward immediately. Long term memory was somewhat intact as evidenced by the recall of one of the three words after a few minutes and the recall of a personal memory. Mental flexibility was intact as evidenced by the recall of six of six numbers on Digit Span backward, spelling "world" correctly both backward and forward and exhibiting a relatively strong fund of knowledge. **The claimant was able to sustain concentration and show persistence with simple tasks for a moderate period of time and multistep tasks for a moderate period of time**. **The claimant was not especially distractible nor fatigued** as evidenced by the performance on the Serial 7s task. The claimant has limited social interactions, mostly with family and a few friends. The claimant reported less difficulty with social interactions in the past, but always feeling more comfortable by herself, a history of interacting well with co- workers and supervisors and responding adequately to workplace pressures by figuring out solutions to problems and getting through the day. She was an assistant store manager. The

> claimant has adapted to limitations by remaining at home, adjusting activities and self-isolating to some extent. The reported plan for the future is to resolve her stomach issues and go back to work (8F). **These findings are persuasive as they are consistent with the claimant's treatment history and activities of daily living, and they are supported by a thorough evaluation of the claimant, which showed no more than mild work-related limitations**.

(Tr. 21-22) (emphasis added).

The ALJ then considered the findings of state agency psychological consultants, Audrey Todd, Ph.D. (Tr. 69) and Courtney Zeune, Psy.D. (Tr. 78-79.) [2] The ALJ found the opinions of Dr. Todd and Ms. Zeune to be persuasive, explaining as follows:

> Consistent with [Dr. Arnold's] findings, the DDS psychological consultants found only mild limitations with interaction and adaptation, finding no severe mental impairment. This opinion is persuasive, as it is consistent with the objective medical records, which show no mental health treatment other than a prescription for Paxil from her primary care provider, and it is supported by the psychological consultative evaluation, which showed that the claimant has no issues with concentration, and intellectual functioning is within normal limits. Further, the claimant can attend to her own personal care in a timely manner, can perform light household chores, can grocery shop, and socializes with her partner, family, and a few friends. She reports that she does isolate sometimes, but she also reports she goes to social locations. She was able to sustain concentration and show persistence for up to an hour or more while reading, watching TV, and talking with her partner (8F; 5E).

(Tr. 22.)

Based on the above, the ALJ found, at Step Two, that Forsch's medically determinable mental impairments of depression and anxiety, considered singly and in combination, did not cause more than minimal limitation in her ability to perform basic mental work activities and were, therefore,

---

[2] Both Dr. Todd and Ms. Zeune found that Forsch had (1) no limitations in understanding, remembering, or applying information; (2) no limitations in concentrating, persisting, or maintaining pace; (3) mild limitations in interacting with others; and (4) mild limitations in adapting herself. (Tr. 69, 78.) Dr. Todd and Ms. Zeune concluded that Forsch's depression and anxiety were "considered mild and not severe." (*Id*.)

non-severe.[3] (Tr. 22.) Specifically, the ALJ considered the four broad functional areas of mental functioning set out in the disability regulations (known as the "paragraph B" criteria) and found that Forsch had: (1) no limitations in understanding, remembering, or applying information; (2) no limitations in concentrating, persistence, or maintaining pace; (3) mild limitations in interacting with others; and (4) mild limitations in her ability to adapt or manage herself. (Tr. 22-23.) After explaining his reasoning for these findings, the ALJ stated as follows:

> The limitations identified in the "paragraph B" criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment. **The following residual functional capacity assessment reflects the degree of limitation I have found in the "paragraph B" mental function analysis.**

(Tr. 23) (emphasis added). At Step Three, the ALJ proceeded to find that Forsch did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404. (*Id.*)

At Step Four, the ALJ found that: "**After careful consideration of the entire record**, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except [she can] [n]ever climb ladders, ropes and scaffolds, occasionally climb ramps and stairs, frequently stoop, kneel, crouch and crawl; [n]o more than occasional exposure to extreme cold, extreme heat, humidity, and pulmonary irritants such as fumes, odors, dusts, gases and poor ventilation, and avoid all exposure to hazards such as unprotected heights." (Tr. 23-24) (emphasis added). Notably, the ALJ began his Step Four analysis by stating as follows:

---

[3] Forsch did not challenge the ALJ's determination of non-severity in her Brief on the Merits before the Magistrate Judge. (Doc. No. 10.)

9

> **In making this finding, I have considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence**, based on the requirements of 20 CFR 404.1529 and SSR 16-3p. **I also considered the medical opinion(s) and prior administrative medical finding(s)** in accordance with the requirements of 20 CFR 404.1520c.

(Tr. 24) (emphasis added). The ALJ first discussed Forsch's subjective complaints, noting (among other things) that she alleged disability due to depression, anxiety, and "social functioning." (Tr. 24.) The ALJ then discussed the medical evidence regarding Forsch's physical impairments, including her treatment for abdominal pain, constipation, gastritis, hernia, and IBS.[4] (Tr. 24-25.)

The ALJ then evaluated the medical opinion evidence. (Tr. 26.) The ALJ stated that "I have fully considered the medical opinions and prior administrative findings as follows," and proceeded to discuss the opinions of state agency physicians Steve McKee, M.D (Tr. 70-71) and Venkatachala Sreenivas, M.D. (Tr. 79-80.) The ALJ did not separately discuss, at Step Four, the state agency psychological opinions of Dr. Todd and/or Ms. Zeune. At the conclusion of his RFC analysis, the ALJ stated: "Based on the foregoing, I find the claimant has the above residual functional capacity assessment, which is supported by the medical evidence of record, medical source opinions, and the claimant's activities of daily living." (Tr. 26.)

At Step Five, the ALJ found that Forsch is capable of performing her past relevant work as a retail store manager. (*Id.*) Specifically, the ALJ explained that "[i]n comparing the claimant's residual functional capacity with the physical and mental demands of this work, I find that the claimant is able to perform it as actually and generally performed." (*Id.*) (emphasis added). Thus, the ALJ found that Forsch was not disabled. (Tr. 26-27.)

---

[4] Though the ALJ focused on Forsch's physical impairments, the ALJ noted that, during a gynecological examination in September 2022, Forsch "reported Paxil was helping with post-menopausal symptoms, including insomnia." (Tr. 25.)

In the R&R, the Magistrate Judge found that the ALJ had not sufficiently considered Forsch's mental limitations in the RFC at Step Four "despite the ALJ's statement at Step Two that the RFC reflects the findings of mild mental limitations there." (Doc. No. 14 at PageID# 592.) Relying on *Napier v. Comm'r of Soc. Sec.*, 127 F.4th 1000 (6th Cir. 2025), the Magistrate Judge found that "the context surrounding the ALJ's analysis [at Step Four] does not indicate that the ALJ considered the mental limitations" because the ALJ (1) did not expressly mention that he considered non-severe impairments when he said that he "considered all symptoms," (2) "discussed only Ms. Forsch's physical symptoms at Step Four" and "made no mention of any mental symptoms;" and (3) did not discuss any "mental findings" in his analysis of the state agency medical opinions at Step Four. (*Id.* at PageID#s 592-594.) Thus, the Magistrate Judge found that the Court could not determine whether the ALJ "discounted or merely overlooked" the evidence regarding Forsch's non-severe mental impairments, necessitating a remand. (*Id.* at PageID# 594.)

The Commissioner objects to the Magistrate Judge's conclusion. (Doc. No. 15.) The Commissioner first notes that the ALJ did, in fact, observe that Forsch alleged disability due to depression and anxiety at the beginning of his Step Four analysis. (*Id.* at PageID# 598) (citing Tr. 24.) The Commissioner then argues that, although the ALJ did not discuss Dr. Todd's or Ms. Zeune's findings at Step Four, the ALJ discussed them at length at Step Two (along with Dr. Arnold's opinion) and found them to be persuasive. (*Id.*) Citing numerous cases, the Commissioner argues that there is no requirement that the ALJ repeat his analysis of Dr. Todd's and Ms. Zeune's opinions at Step Four and that this Court may (and should) evaluate the ALJ decision as whole. (*Id.* at PageID# 599.) The Commissioner asserts that "the path of the ALJ's reasoning regarding how the ALJ evaluated Plaintiff's mental impairments and determined they warranted no inclusion of specific, mental RFC

limitations [is] readily traced." (*Id*. at PageID#s 600-601.) Forsch did not file a Response to the Commissioner's Objection.

For the following reasons, the Court agrees with the Commissioner. When determining the RFC, the ALJ must "consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 at *5 (SSA July 2, 1996). *See also* 20 C.F.R. §§ 404.1545(a)(2), (e) (noting that the Commissioner will consider all of a claimant's medically determinable impairments, even if they are not severe); *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 851 (6th Cir. 2020). SSR 96-8p further explains that "[w]hile a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may--when considered with limitations or restrictions due to other impairments--be critical to the outcome of a claim." SSR 96-8p, 1996 WL 374184 at * 5.

The Sixth Circuit has explained the requirements of SSR 96-8p and 20 CFR 404.1545 in several published opinions. In *Emard, supra*, the claimant argued that the ALJ improperly excluded his non-severe impairments from consideration when assessing the RFC. *Emard*, 953 F.3d at 851. The district court rejected this argument and affirmed the Commissioner's denial of disability benefits. *Id*. at 846. On appeal, the Sixth Circuit affirmed, explaining (in relevant part) as follows:

> **Although the ALJ did not specifically discuss the combined effect of Emard's impairments or mention Emard's non-severe impairments in assessing his residual functional capacity, she stated that she had carefully considered the entire record and "all symptoms" at this step in the process**. This court in *Gooch v. Secretary of Health & Human Services*, 833 F.2d 589 (6th Cir. 1987), concluded that an ALJ's statement that he had conducted "a thorough review of the medical evidence of record," along with the fact that the ALJ had considered the claimant's impairments individually, sufficed to show that the ALJ had considered the impairments in combination. *Id.* at 591–92. It explained that "the fact that each element of the record was discussed individually hardly suggests that the totality of

the record was not considered," and "[t]o require a more elaborate articulation of the ALJ's thought processes would not be reasonable." *Id*. at 592. As in *Gooch,* the ALJ's statements that she had considered the entire record and all of Emard's symptoms suggest that she had considered Emard's impairments in combination.

**Moreover, the ALJ specifically noted in her summary of the applicable law that she was required to comply with SSR 96-8p's mandate to "consider all of the claimant's impairments, including impairments that are not severe."** District courts in this circuit have held that an ALJ need not specifically discuss all non-severe impairments in the residual-functional-capacity assessment when the ALJ makes clear that her decision is controlled by SSR 96-8p. *See, e.g., Morrison v. Comm'r of Soc. Sec.,* No. 1:14-CV-1059, 2016 WL 386152, at *4 (W.D. Mich. Feb. 2, 2016), *aff'd,* No. 16-1360, 2017 WL 4278378 (6th Cir. Jan. 30, 2017); *Davis v. Comm'r of Soc. Sec.*, No. 1:14-CV-0413, 2015 WL 5542986, at *4 (W.D. Mich. Sept. 18, 2015). These decisions have relied on this court's decision in *White v. Commissioner of Social Security*, 572 F.3d 272 (6th Cir. 2009), where an ALJ's statement that she considered a Social Security Ruling pertaining to credibility findings sufficed to show that the ALJ complied with that ruling. *Id*. at 287. **The ALJ's express reference to SSR 96-8p, along with her discussion of the functional limitations imposed by Emard's nonsevere impairments at step two of her analysis, fully support our conclusion that the ALJ complied with 20 C.F.R. § 416.945(e) and SSR 96-8p.**

*Id*. at 851-852 (emphasis added).

The Sixth Circuit recently revisited this issue in *Napier v. Comm'r of Soc. Sec.*, 127 F.4th 1000, 1007 (6th Cir. 2025). In that case, the ALJ found that three of Napier's physical conditions qualified as severe impairments, but that her mental impairments (anxiety and depression) did not qualify as severe. *Id*. at 1003. At Step Two, the ALJ considered the degree to which Napier's mental impairments limited her ability to function in the four broad functional areas, i.e., (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. *Id.* at 1003-1004. The ALJ found that Napier had "no limitations" in interacting with others and "no more than mild limitations" with respect to the other three broad functional areas. *Id*. at 1004. As part of this determination, the ALJ considered the opinions of several psychologists who had examined Napier. *Id.* Before turning to

Step Three, the ALJ noted that the RFC assessment laid out later in Step Four of his decision "reflect[ed] the degree of limitation" that the ALJ "ha[d] found in the ... mental function analysis." *Id*. At Step Four, the ALJ concluded that Napier retained the RFC to perform her past relevant work as a cashier. *Id*. He accordingly found that Napier was not disabled. *Id*. The ALJ noted that in arriving at this determination, he had "considered all symptoms." *Id*.

Napier challenged the ALJ's decision, arguing that the ALJ had failed to explain how her non-severe mental impairments "played into his [RFC] analysis." *Id*. The district court affirmed the ALJ's decision, and Napier appealed. *Id*. The Sixth Circuit affirmed, as follows:

> The record clearly demonstrates that the ALJ adequately accounted for Napier's mental impairments in formulating her residual functional capacity. In explaining the required five-step process for addressing Napier's application, **the ALJ noted that in determining Napier's residual functional capacity, he was required to "consider all of the claimant's impairments, including impairments that are not severe."** After concluding that Napier's mental impairments were no more than mild, the ALJ explicitly stated that his **"residual functional capacity assessment used at steps 4 and 5" later in his decision reflected the "degree of limitation" that the ALJ had found in the "mental function analysis."** And the ALJ later noted that in concluding that Napier had the "residual functional capacity to perform light work," he had **"considered all symptoms."** We have previously reasoned that, depending on the context, similar statements can be sufficient to demonstrate that the ALJ adequately considered all of a claimant's medical impairments in formulating a residual functional capacity analysis. *See Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 851 (6th Cir. 2020). Though there may be occasions where, in context, similar statements would be insufficient, this is not such a case. Considering the substantial evidence supporting the ALJ's findings that Napier's limitations were no more than mild and the ALJ's repeated statements that it took all of Napier's limitations into account, we hold that the ALJ adequately accounted for Napier's limitations in the residual functional capacity analysis.

*Id*. at 1007 (internal citations to the record omitted).

District courts interpreting *Emard* and *Napier* have found that, even where an ALJ does not explicitly reference a plaintiff's non-severe impairments at the RFC assessment stage, an ALJ's analysis may still satisfy SSR 96-8p if the ALJ: (1) refers to SSR 96-8p in the decision; (2) discusses

14

how the claimant's non-severe impairments functionally limit the claimant (if at all) at Step Two; and (3) provides a subsequent assurance that all symptoms and the entire record were considered when assessing an RFC. *See, e.g., Johnson v. Comm'r of Soc. Sec.*, 2025 WL 1765444 at * 3 (N.D. Ohio June 26, 2025); *Angela K. P. v. Comm'r of Soc. Sec.*, 2025 WL 1564283 at * 3 (S.D. Ohio June 3, 2025), *report and recommendation adopted by* 2025 WL 1827881 (S.D. Ohio July 2, 2025); *Harrington v. Saul*, 2021 WL 3174273 at *10 (N.D. Ohio July 9, 2021), *report and recommendation adopted by*, 2021 WL 3165836 (N.D. Ohio July 26, 2021); *Farell v. O'Malley*, 2024 WL 1259255 at *8 (E.D. Ky. Mar. 25, 2024).

In the instant case, the Court finds that the ALJ included each of these components in his decision. First, as in *Emard* and *Napier*, the ALJ explicitly referenced SSR 96-8p as controlling his RFC finding, stating that he "must consider all of the claimant's impairments, including impairments that are not severe (20 CFR 404.1520(e) and 404.1545; SSR 96-8p)." (Tr. 20.) *See Emard*, 953 F.3d at 851; *Napier,* 127 F.4th at 1007. Next, the ALJ thoroughly discussed the "paragraph B" functional limitations (or lack thereof) imposed by Forsch's non-severe mental impairments at Step Two of his analysis, as follows:

> In understanding, remembering, or applying information, the claimant has no limitations. The claimant did not allege any particular issues in this area. However, the claimant also stated that she could perform simple maintenance, prepare meals, pay bills, go to doctor's appointments, take medications, drive, shop, and read. In addition, the record shows that the claimant was able to provide information about her health, describe her prior work history, follow instructions from healthcare providers, respond to questions from medical providers, and there is [not] any mention of any issues with the claimant's short- or long-term memory (8F; 5E; testimony).
>
> In interacting with others, the claimant has mild limitations. Here, the claimant alleged that she has difficulty engaging in social activities. However, according to her statements, the claimant is also able to get along with others, shop, spend time with friends and family, and deal appropriately with authority. Finally, the medical evidence shows that the claimant had a good rapport with providers, was described as

15

> pleasant and cooperative, and had good interactions with non-medical staff (8F; 5E; testimony).
>
> The next functional area addresses the claimant's ability to concentrate, persist, or maintain pace. For this criterion, the claimant has no limitations. The claimant contended that she has limitations in completing tasks. On the other hand, the claimant said that she is also able to prepare meals, watch TV, read, drive, manage funds, and handle her own medical care. Additionally, the record fails to show any mention of distractibility (8F; 5E; testimony).
>
> Finally, the claimant has mild limitations in her ability to adapt or manage herself. The claimant did not allege any symptoms or limitations that relate to this criterion. Furthermore, the claimant also stated that she is able to handle self-care and personal hygiene and care for pets. Meanwhile, the objective evidence in the record showed the claimant to have appropriate grooming and hygiene, no problem getting along well with providers and staff, normal mood and affect, and no problems with temper control (8F; 5E; testimony).

(Tr. 22-23.) *See Emard*, 953 F.3d at 852; *Napier*, 127 F.4th at 1003-1004, 1007. The ALJ discussed the opinions of consultative examiner Dr. Arnold, and state agency psychologists Dr. Todd and Ms. Zeune, finding them to be persuasive. (Tr. 21-22.) At the conclusion of his Step Two analysis, the ALJ expressly states that "[t]he following residual functional capacity assessment reflects the degree of limitation I have found in the 'paragraph B' mental function analysis." (Tr. 23.) *See Napier,* 127 F.4th at 1004. Finally, the ALJ expressly states that his RFC determination at Step Four was based on "careful consideration of the entire record" and that he "considered all symptoms." (Tr. 23, 24.) *See Emard*, 953 F.3d at 851; *Napier,* 127 F. 4th at 1007.

In light of the above, the Court finds that the ALJ complied with the requirements set forth in *Emard* and *Napier*, thereby providing a sufficient basis to conclude that he properly considered Forsch's mild mental limitations in assessing the RFC. The Court respectfully disagrees with the Magistrate Judge's conclusion to the contrary for all the reasons set forth above. The Commissioner's

Objection (Doc. No. 15) is, therefore, granted and the R&R (Doc. No. 14) is rejected. The Commissioner's decision is hereby affirmed.

## IV. Conclusion

For all of the foregoing reasons, the Commissioner's Objection (Doc. No. 15) is granted. The Court rejects the Magistrate Judge's Report and Recommendation (Doc. No. 14), and the Commissioner's decision is affirmed.

**IT IS SO ORDERED.**

Date: August 11, 2025

 s/Pamela A. Barker
PAMELA A. BARKER
U. S. DISTRICT JUDGE